IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

| | |
|---|---|
| MICHELLE JOHNSON and ) <br> SALLIE WILLIAMSON, ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> ) <br> WESTSIDE CREEKWOOD OWNER, ) <br> LLC, d /b/a CREEKWOOD CLUB ) <br> APARTMENTS, and ) <br> FRANKLIN STREET APARTMENT ) <br> MANAGEMENT SERVICES, LLC, ) <br>     Defendants. ) <br> _____/ | Case No.: |

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiffs, MICHELLE JOHNSON, and SALLIE WILLIAMSON, by and through their undersigned counsel, and hereby files this Complaint against the Defendants, WESTSIDE CREEKWOOD OWNER, LLC d/b/a CREEKWOOD CLUB APARTMENTS, and FRANKLIN STREET APARTMENT MANAGEMENT SERVICES, LLC, as follows:

**INTRODUCTION**

Michelle Johnson and Sallie Williamson ("Plaintiffs") are a married couple and are residents of Jacksonville, Florida. They are both people with disabilities who have trouble walking long distances and use aids for mobility purposes. WESTSIDE CREEKWOOD OWNER, LLC and FRANKLIN STREET APARTMENT MANAGEMENT SERVICES, LLC, ("Defendants") are the owner and manager, respectively, of Creekwood Club Apartments in Jacksonville, Florida, where

Plaintiffs were formerly tenants. Plaintiffs requested that they each be assigned a handicap accessible parking space in front of their apartment unit as a reasonable accommodation of their disabilities pursuant to the Fair Housing Act. Defendants failed to grant their reasonable accommodation requests.

Defendants' refusal to afford Plaintiffs' reasonable accommodations violates their civil rights under the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601 et. Seq. ("Fair Housing Act" or "FHA"). Plaintiffs seek an award of monetary damages against Defendants for their unlawful conduct.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 42 U.S.C. § 3613(a) and (c) as Plaintiffs elect to assert their claim of housing discrimination in a civil action, and pursuant to 28 U.S.C. §§ 1331, 2201–2202, and 1343(a)(3) and (4) as Plaintiffs seeks to redress the deprivation of their right to fair housing provided by the federal Fair Housing Act.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 with respect to all Defendants because the events giving rise to Plaintiffs' claims occurred in the Middle District of Florida and in particular Duval County, and Defendants own and operate, respectively, real property in the Middle District of Florida and in particular Duval County that is the subject of this complaint.

3. Defendants conduct business in the Middle District of Florida and in particular Duval County, including ownership and operation of Creekwood Club Apartments.

## PARTIES

4. Plaintiff, Michelle Johnson, is a 60-year-old African American female and lives with her wife, Sallie Williamson.

5. Plaintiff, Sallie Williamson, is a 69-year-old African American female and lives with her wife, Michelle Johnson.

6. At all times relevant to this action, Ms. Johnson and Ms. Williamson were tenants of Westside Creekwood Owner, LLC, residing in Duval County in a dwelling unit at Creekwood Club Apartments, located at 8343 Hogan Road, Jacksonville, Florida 32216.

7. At all times relevant to this action Plaintiffs were people with disabilities and have a handicap under the FHA.

8. At all times relevant to this action, Defendant Westside Creekwood Owner, LLC, registered to do business and with its principal place of business in Miami-Dade County, Florida and owned and was doing business as Creekwood Club Apartments, a multifamily rental property.

9. Creekwood Club Apartments is a covered dwelling under the FHA.

10. Defendant Westside Creekwood Owner, LLC, is in the business of selling or renting dwellings for purposes of the FHA.

11. At all times relevant to this action, Defendant Franklin Street Apartment Management Services, LLC, a property management company registered to do business and with its principal place of business in Hillsborough County, Florida, managed Creekwood Club Apartments, in Duval County Florida, and acted for and on behalf of itself and as agent for Westside Creekwood Owner, LLC.

12. Defendant Franklin Street Apartment Management Services, LLC, is in the business of selling or renting dwellings for purposes of the FHA.

## FACTUAL ALLEGATIONS

### A. Nature of Handicap

13. The FHA defines the term "handicap" as: "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h)(1).

14. Plaintiffs have several medical diagnoses that rise to the level of "handicap" for purposes of the FHA.

15. Ms. Johnson has been diagnosed with diabetes mellitus, hyperlipidemia, obesity, moderate recurrent major depression, obstructive sleep apnea syndrome, essential hypertension, persistent atrial fibrillation, asthma, and polyarthropathy.

16. Due to her disabilities, Ms. Johnson has difficulty engaging in major life activities including standing or walking for extended periods of time.

17. At all times relevant to this action, Defendants knew that Ms. Johnson had physical disabilities which limited her mobility.

18. Ms. Williamson has been diagnosed with diabetes mellitus, morbid obesity, obstructive sleep apnea syndrome, essential hypertension, congestive heart failure, allergic rhinitis, asthma, lumbar spondylosis, and spinal stenosis.

19. Due to her disabilities, Ms. Williamson has difficulty engaging in major life activities including standing or walking for extended periods.

20. At all times relevant to this action, Defendants knew that Ms. Williamson had physical disabilities which limited her mobility.

**B. Background**

21. The subject property is a multifamily housing complex with 176 apartment units.

22. In June 2012, Plaintiffs first entered into a lease at the subject property.

23. In June 2012, Plaintiffs moved into unit C-028 in the subject property where they remained for their entire tenancy.

24. Plaintiffs each had cars and, according to their doctors, due to their disabilities, each required an assigned, handicap accessible parking space near their unit.

25. In the summer 2013, the former owner, Creekwood 5775 LLC, provided Plaintiffs with one assigned parking space in front of their unit as a reasonable accommodation of Plaintiffs' disabilities.

26. The parking space was designated as reserved for Plaintiffs' apartment with "Reserved 28" and a handicap parking symbol painted onto the asphalt.

27. In the summer of 2014, the former owner painted a handicap parking symbol on the parking space directly to the right of the existing reserved parking space.

28. This second parking space was not designated was in effect a reserved parking space for Plaintiffs because none of their neighbors used handicap parking.

29. On or about February 1, 2019, the subject property was sold by Creekwood 5775 LLC to Defendant Westside Creekwood Owner, LLC.

30. On or about February 1, 2019, Defendant Franklin Street Apartment Management Services, LLC began managing the subject property.

31. In the summer of 2019, Defendants began renovations of the subject property's parking lot.

32. During those renovations, the handicap parking symbol was removed by pressure washing and the handicap parking sign went missing from Plaintiffs' reserved parking space.

33. Plaintiffs notified the Property Manager Priscilla Perez and the Assistant Property Manager LaToya, whose last name is unknown, that the painted handicap parking symbol had been washed off their reserved parking space and that their reserved parking space was missing its handicap parking sign.

34. Plaintiffs purchased a handicap parking sign at their own expense, and provided it to the Property Manager to install.

35. Defendants failed to repaint the handicap parking symbol onto the Plaintiffs' reserved parking space or install a handicap parking sign.

36. Despite this unlawful behavior, on or about November 12, 2019, Plaintiffs renewed their lease with Creekwood Club Apartments.

37. Both Plaintiffs' cars were listed on the renewed lease.

38. At the time of the lease signing, the Property Manager and Assistant Property Manager told Plaintiffs that the handicap parking symbol would not be repainted onto their reserved parking space, as management did not want two handicap parking spaces side-by-side.

39. The Property Manager and the Assistant Property Manager also told Plaintiffs that to continue reserving the parking space, they would have to pay $30 a month.

40. Feeling they had no choice, and in need of the reserved parking space, Plaintiffs agreed.

41. Plaintiffs paid $30 a month to reserve the parking space from January 2020 – August 2020.

42. Despite this, Defendants failed to enforce the reserved parking space, and Plaintiffs returned home to find people parked in their reserved parking space or parked in the handicap-marked parking space next to it without a proper handicap parking permit.

43. Plaintiffs complained to the Property Manager on numerous occasions, but no action was taken to enforce the complex's parking rules and regulations.

44. Plaintiffs felt they had no choice but to call the Jacksonville Sheriff's Office to have the parking rules and regulations enforced.

45. On April 15, 2020, Plaintiffs, through former counsel, each sent a written reasonable accommodation request with supporting medical documentation asking that they each be provided with an assigned, handicap accessible parking space in front of their unit and that they be reimbursed any fees previously paid to reserve the parking space in front of their unit.

46. On May 26, 2020, Plaintiffs' former attorney spoke by telephone with a paralegal for Defendants' counsel regarding the reasonable accommodation requests and she agreed to relay the information to Defendants' counsel.

47. On June 18, 2020, Plaintiffs' former attorney spoke with Defendants' counsel on the telephone and reiterated the specific requests.

48. Defendants' counsel responded by saying he did not think two assigned, handicap accessible parking spaces could be created for Plaintiffs and asked for additional information.

49. On June 26, 2020, Plaintiffs, through former counsel, reiterated the prior request for a reasonable accommodation in writing, further articulated that the request would not pose an undue financial or administrative burden on Defendants, nor fundamentally alter the nature of their operations, and included the May 17, 2004, Joint Statement of the Department of Housing and Urban Development and the Department of Justice on Reasonable Accommodations Under the Fair Housing Act.

50. On August 3, 2020, Defendants responded, through counsel in writing, that the reasonable accommodation requests for two handicap parking spaces was denied.

51. In that response, Plaintiffs were informed that they were required to continue paying $30 a month for the existing reserved parking space, and that they must pay an additional $30 a month to reserve a second parking space

52. This denial deprived Plaintiffs, both of whom are people with disabilities, of the full use and enjoyment of their home.

53. In September 2020, Plaintiffs moved from the subject property, partly due to the denial of their reasonable accommodation requests.

54. Plaintiffs were promptly reasonably accommodated at their new apartment complex with two reserved parking spaces outside of their unit.

55. On December 7, 2020, Plaintiffs, through counsel, submitted a housing discrimination complaint, or 903, to the United States Department of Housing and Urban Development's ("HUD") Region IV Office of Fair Housing and Equal Opportunity.

56. On January 14, 2021, HUD referred the complaint to the Florida Commission on Human Relations ("FCHR") for investigation. That investigation has not been completed and no determination has been issued.

57. Plaintiffs elected to withdraw the complaint and file their case in federal court and that withdrawal was acknowledged by the FCHR and HUD on December 7, 2022.

58. The statute of limitations was tolled as the computation of the FHA's two-year statute of limitation "shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice." 42 U.S.C. 3613(a)(1)(B).

59. Plaintiffs have been harmed by Defendants' wrongful refusal to grant their requests for reasonable accommodations of their disabilities under the FHA.

60. Plaintiffs have been deprived by Defendants of their right to equal housing opportunities; they have suffered discrimination on account of their

disabilities; and they have suffered, irreparable loss and injury including, but not limited to, physical and emotional distress, anxiety, fear, and humiliation.

## CLAIM FOR RELIEF

### Violation of 42 U.S.C. Sec. 3604(f)(3)(B)
### (Failure to Make Reasonable Accommodation)

61. The Defendants violated the Federal Fair Housing Act and the injured the Plaintiffs by violating Act of 1968, as amended, 42 U.S.C. §3601 *et seq.*, and in particular 42 U.S.C. § 3604(f)(3)(B) by including but not limited to: (a) refusing their request for a reasonable accommodation by failing to repaint Plaintiffs' previously assigned parking space; (b) refusing their request for a reasonable accommodation by failing to hang a handicap parking sign denoting the parking space; (c) failing to provide a second medically necessary handicap accessible assigned parking space; (d) refusing their request for a reasonable accommodation by charging $30/month to reserve a parking space; and (e) failing to provide a reasonable accommodation in rules, policies, practices, or services which may be necessary to afford an equal opportunity to use and enjoy their rented dwelling through the actions set forth in (a) through (d) above.

62. Defendants' unlawful actions were intentional, willful, and implemented with callous and/or reckless disregard for the Plaintiffs' civil rights.

63. As a result of the Defendants' conduct, Plaintiffs have suffered injury, emotional harm, and other damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs Johnson and Williamson respectfully request that the Court grant the following relief:

1. Enter judgment in favor of Plaintiffs.

2. Award compensatory damages to Plaintiffs Johnson and Williamson in an amount to be determined at trial that would fully compensate Plaintiffs for injuries caused by the conduct of Defendants as alleged herein;

3. Award punitive damages to Plaintiffs Johnson and Williamson in an amount to be determined at trial that would punish Defendants for the willful, malicious, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

4. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 3613(c)(2); and

5. Award such additional or alternative relief as may be just, proper, and Equitable.

## **JURY DEMAND**

Plaintiffs Johnson and Williamson demand a jury trial on all issues which can be heard by jury.

Dated: December 14, 2022

RESPECTFULLY SUBMITTED

/s/ *Suzanne Garrow*
Lead counsel
Florida Bar No.: 122184
Jacksonville Area Legal Aid, Inc.
126 W. Adams Street

Jacksonville, Florida 32202

(904)405-1976 (Phone)

suzanne.garrow@jaxlegalaid.org


/s/ *Lois Ragsdale*

Lois Ragsdale, Esq.

Florida Bar No.: 896896

Jacksonville Area Legal Aid, Inc.

126 W. Adams Street

Jacksonville, Florida 32202

(904) 356-8371 (Phone)

lois.ragsdale@jaxlegalaid.org